IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41841

| JASON RYAN McDERMOTT, | ) | 2015 Unpublished Opinion No. 530 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Jason Ryan McDermott, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jason Ryan McDermott appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

McDermott was found guilty by a jury of first degree murder and conspiracy to commit first degree murder, with a sentence enhancement for the use of a firearm in the commission of a felony. He was sentenced to concurrent fixed life terms for the murder and conspiracy charges, with an additional ten-year fixed term for the firearm enhancement. McDermott appealed his judgment of conviction and sentences, which this Court affirmed in an unpublished opinion. *State v. McDermott*, Docket No. 32071 (Ct. App. July 2, 2009).

1

McDermott then filed a pro se petition for post-conviction relief, asserting numerous claims for relief. The district court issued a notice of intent to dismiss the petition and addressed each of McDermott's claims. Following McDermott's response, the district court summarily dismissed the petition on October 29, 2010. McDermott appealed, and this Court affirmed in an unpublished opinion. *McDermott v. State*, Docket No. 38288 (Ct. App. May 17, 2012).

On January 31, 2013, McDermott filed a pro se successive petition for post-conviction relief, again asserting numerous claims for relief, including many claims raised in his first petition and in his direct appeal. The State filed a motion for summary dismissal on numerous grounds, including that the claims were barred by principles of res judicata, should have been raised on direct appeal, were not supported by admissible evidence, were not viable claims, and were untimely under Idaho Code §§ 19-4902(a) and 19-4908. Following McDermott's response, the district court entered a detailed order summarily dismissing McDermott's petition. McDermott appeals.

## II.

## STANDARDS OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg v. State*, 131 Idaho 517, 519, 960 P.2d 738, 740 (1998); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free

2

review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## III.

## ANALYSIS

McDermott's successive petition is difficult to understand. It is eighty-eight pages long, including attachments. Pages appear to have been inserted into various portions of the petition after it was drafted, so the writing does not always continue from one page to the following page. At various points in the petition McDermott references a document or documents called "Affadavit" or "Affadavit/Exhibit," but it is not clear if this is simply a reference to other portions of his combined successive petition and affidavit in support or a reference to some other document he has failed to attach to his petition. The successive petition is vague; it consists of a stream of allegations of wrongdoing by McDermott's trial attorney, trial witnesses, the prosecutor, McDermott's direct appeal counsel, this Court in ruling on his direct appeal, the Idaho Supreme Court in denying his petition for review in that appeal, McDermott's counsel in his first post-conviction case, and (again) this Court in ruling on his appeal from the dismissal of his first post-conviction case. There are no headings or organizational separation into any identified causes of action. The district court aptly described the successive petition as lengthy, confusing, and disjointed.

Despite the shortcomings of the petition in its order of dismissal, the district court went to great lengths to identify every claim conceivably raised and provided individual reasons for the dismissal of each claim. McDermott's briefing on appeal is little better presented or organized than is his successive petition. McDermott's appellate brief does not substantively address the district court's reasons for dismissal but instead is largely devoted to providing authority in support of his claims, much of it off point.

The district court dismissed McDermott's claims on various grounds--that some claims are barred by res judicata because they were raised and decided against him in his prior appeals, that some should have been raised on direct appeal, that some were not supported by admissible evidence, that some do not constitute viable claims as a matter of law, and that some are barred by the statute of limitation. Although we do not imply that there was error in any of these determinations, with the exception of one category of claims we need address only the last of

3

these, the statute of limitation. The State raised the statute of limitation defense in its motion for summary dismissal, and this Court can affirm on any ground raised below, even if it was not addressed by the district court. *Ridgley*, 148 Idaho at 676, 227 P.3d at 930; *Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

The statute of limitation for post-conviction actions requires that such actions be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). When a successive post-conviction action is otherwise justified under I.C. § 19-4908, it must be brought within a reasonable time. *Id.*; *see also Schwartz v. State*, 145 Idaho 186, 189-90, 177 P.3d 400, 403-04 (Ct. App. 2008). Analysis of the sufficient reason question includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Generally, the "reasonable time" for a successive post-conviction action is measured from the date on which the petitioner knew or should have known of the existence of the claims. *Id.* Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id.*

In *Charboneau*, our Supreme Court considered the relationship of I.C § 19-4902 and I.C. § 19-4908. The Court recognized that rigid application of I.C. § 19-4902 would preclude courts from considering "claims which simply are not known to the defendant within the time limit, yet raise important due process issues." *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. Here, we need not identify each and every claim contained in the successive petition; it suffices to say that McDermott knew of each of his claims years before filing his successive petition, either at the completion of his trial, at the completion of his direct appeal, or at the completion of the trial-level portion of his first post-conviction action. *See Rhoades*, 148 Idaho at 251, 220 P.3d at

4

1070.  That is, his claims of ineffective assistance of counsel, prosecutorial misconduct, and trial court error during his criminal trial all were known by the conclusion of that trial.  His claims of ineffective assistance of counsel or appellate court error in his appeal from the judgment of conviction were known not later than the date of issuance of this Court's remittitur in that appeal.  His claims of ineffective assistance or trial court error in the first post-conviction action were known not later than the date of the district court's dismissal of that action.  Lastly, to the extent that McDermott contends that the post-conviction attorney's failure to adequately present his claims in the first action justify presenting the same claims again in this successive action, McDermott was aware of that justification upon the district court's dismissal of his first petition in October 2010.  He did not file the present successive petition until more than two years later, in December 2012.  Because none of these claims were filed within a reasonable time from when McDermott knew or should have known of their existence, they are time-barred.

The only claim that is even arguably timely is McDermott's complaint concerning this Court's disposition of his appeal in his first post-conviction action.  The district court held, however, that an allegation of error in an appellate court's decision is not a viable post-conviction claim.  We agree.  An allegation that an appellate court's decision in a prior post-conviction action was erroneous is not among the permissible grounds for filing another post-conviction relief application under I.C. § 19-4901.  The Uniform Post-Conviction Procedure Act authorizes actions to collaterally attack judgments of conviction or sentences, not collateral attacks upon judgments in other post-conviction actions.  I.C. § 19-4901(1); *Lee v. State*, 122 Idaho 196, 832 P.2d 1131 (1992).  If a petitioner disagrees with a decision of this Court, the remedy is to file either a petition for rehearing with this Court under Idaho Appellate Rule 116 or a petition for review with the Idaho Supreme Court under I.A.R. 118.  McDermott, acting pro se on the appeal in his first post-conviction petition, filed a petition for review with the Idaho Supreme Court.  The Supreme Court denied the petition.  The decision is therefore final, and collateral attacks upon it in state courts are barred by the doctrine of res judicata.  *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988); *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).

All of McDermott's claims in this successive post-conviction action were properly dismissed.  Therefore, the district court's judgment is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**

5