**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43463**

| | | |
|---|---|---|
| **TIMOTHY ANDREW KELLIS,** | ) | **2016 Unpublished Opinion No. 609** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: July 19, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Timothy Andrew Kellis, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Timothy Andrew Kellis appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Kellis was found guilty by a jury of nine counts of lewd conduct with a minor under sixteen, I.C. § 18-1508; one count of attempted lewd conduct with a minor under sixteen, I.C. §§ 18-306 and 18-1508; and two counts of sexual abuse of a child, I.C. § 18-506. This Court affirmed Kellis's judgments of convictions and sentences. *State v. Kellis*, 148 Idaho 812, 229 P.3d 1174 (Ct. App. 2010). Kellis filed a petition for post-conviction relief, asserting a number of claims of ineffective assistance of counsel, which were summarily dismissed by the

1

district court for failure to present facts to support his claims. This Court affirmed in an unpublished opinion. *Kellis v. State*, Docket No. 31034 (Ct. App. Aug. 15, 2014).

Kellis filed a successive petition for post-conviction relief, asserting numerous claims of ineffective assistance of trial counsel. The district court appointed counsel to represent Kellis. Kellis's counsel filed a motion to withdraw, citing potential ethical concerns associated with representing Kellis. At the same time, Kellis filed a motion requesting that the district court appoint substitute counsel. After a hearing, the district court denied both motions. The district court then entered a notice of intent to dismiss Kellis's successive petition. Kellis's counsel filed a renewed motion to withdraw, and Kellis filed a motion for reconsideration of the district court's order denying his motion for appointment of substitute counsel. Without conducting an additional hearing, the district court granted counsel's motion to withdraw and denied Kellis's motion for reconsideration. Kellis filed a pro se amended successive petition for post-conviction relief, adding two claims of ineffective assistance of appellate counsel. Kellis filed motions to depose and to hire a special investigator, both of which were denied. After providing notice, the district court summarily dismissed all eight claims in Kellis's successive petition. The district court held that Kellis's claims were barred by the doctrine of res judicata and I.C. § 19-4908. Kellis appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its

2

allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

#### A.    Conflict Counsel

Kellis alleges that the district court erred in failing to appoint conflict counsel after granting post-conviction counsel's motion to withdraw. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the

4

district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In this case, the district court exercised its discretion to appoint Kellis counsel on his successive petition for post-conviction relief. The district court denied Kellis's motion for substitute counsel on two bases. First, the district court held that Kellis failed to show that his counsel had a conflict of interest.[1] Second, the district court, citing *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014), explained that a post-conviction petitioner does not have a right to counsel. The issue here is whether the district court erred in failing to assign substitute counsel upon granting Kellis's counsel's motion to withdraw. The decision of whether to appoint substitute counsel lies within the discretion of the trial court and will only be reviewed for an abuse of discretion. *State v. Lippert*, 152 Idaho 884, 887, 276 P.3d 756, 759 (Ct. App. 1994). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The district court perceived the decision of whether to appoint substitute counsel as one of discretion and explained that its decision to deny Kellis's motion was an exercise of such discretion. In addition, the district court's denial of Kellis's motion for substitute counsel was consistent with applicable legal standards. Kellis alleges that he had a statutory right to counsel and to be represented by conflict-free counsel, citing I.C. § 19-852. However, that section is not applicable to post-conviction petitioners. As stated above, a post-conviction proceeding is civil

---

[1] Kellis alleges that his attorney's conflict of interest was based upon Kellis's request for counsel to make certain legal arguments and counsel's refusal. Kellis's counsel explained to the district court that she felt constrained by the rules of professional conduct to decline to make the legal arguments requested by Kellis. It is clear that there was a conflict between Kellis and his counsel based upon a disagreement about which claims were appropriate and could be ethically made. However, the conflict does not constitute a conflict of interest. A conflict of interest is active representation of competing interests not mere disagreements between a petitioner and counsel. *State v. Wood*, 132 Idaho 88, 98, 967 P.2d 702, 712 (1998).

in nature. Accordingly, the rights applicable to criminal defendants do not apply to post-conviction petitioners. A petitioner is entitled to conflict-free and effective counsel only when he or she has a constitutional or statutorily guaranteed *right* to counsel. *See Hall v. State*, 155 Idaho 610, 616, 315 P.3d 798, 804 (2013). On the other hand, a petitioner is not entitled to conflict-free or effective counsel when the trial court has discretion to appoint counsel, as in noncapital post-conviction proceedings. *See Murphy*, 156 Idaho at 394-95, 327 P.3d at 370-70. Because Kellis had no right to counsel, he had no right to conflict-free counsel to assist with his post-conviction petition. Finally, the district court's decision was reached by an exercise of reason. Having determined that Kellis failed to show that his counsel had a conflict of interest and that he was entitled to conflict-free counsel, the district court held that Kellis was not entitled to substitute counsel. The district court exercised reason in denying Kellis's motion for appointment of substitute counsel since Kellis provided no basis for the appointment of substitute counsel. Accordingly, Kellis has not shown that the district court abused its discretion in denying his motion for substitute counsel.

**B.      Hearing on Motion to Withdraw**

Kellis's counsel filed a motion to withdraw. At the same time, Kellis filed a motion for appointment of substitute counsel. The district court held a hearing on the motion. Kellis's counsel explained that she believed the Idaho Rules of Professional Conduct required her to withdraw from Kellis's representation. In justification of his motion, Kellis explained that he did not believe his counsel adequately represented his needs, describing a lack of communication and several legal arguments he believed counsel should have made. The district court denied both motions. With regard to counsel's motion to withdraw, the district court explained that counsel showed good cause to withdraw but, nonetheless, denied the motion to withdraw. The district court reasoned that allowing Kellis's counsel to withdraw would result in a delay of disposition of Kellis's post-conviction proceedings, explaining:

> The Court is simultaneously issuing a notice of its intent to dismiss the underlying petition in this case with this Order. While the rules provide for a twenty day stay, that is clearly insufficient time to grant Kellis if [counsel] is granted leave to withdraw.

Over the following two months, Kellis made several pro se filings with the district court. Kellis's counsel filed a renewed motion to withdraw, which the district court granted without holding a hearing.

Kellis alleges that the district court erred in granting his counsel's renewed motion to withdraw without a hearing, citing to I.R.C.P. 11(b)(2).[2] That rule provides in relevant part:

> [N]o attorney may withdraw as an attorney of record for any party to an action without first obtaining leave and order of the court upon a motion filed with the court, and a hearing on the motion after notice to all parties to the action, including the client of the withdrawing attorney. Leave to withdraw as a counsel of record may be granted by the court for good cause and upon such conditions or sanctions as will prevent any delay in determination and disposition of the pending action and the rights of the parties.

The plain language of I.R.C.P. 11(b)(2) did not require the district court to conduct an additional hearing when Kellis's counsel renewed her motion to withdraw. Counsel's renewed motion was not a new, distinct, or separate motion. Rather, it repeated the grounds set forth in the initial motion. The district court had already concluded that Kellis's counsel had shown good cause for withdrawal. The district court initially denied counsel's motion in order to prevent delay of the disposition of Kellis's case. However, when it became clear that the disposition of Kellis's case would be delayed nonetheless, the district court granted counsel's renewed motion to withdraw. We hold that the district court's hearing on Kellis's initial motion to withdraw was sufficient to satisfy the hearing requirement of I.R.C.P. 11(b)(2). Accordingly, Kellis has not shown that the district court erred in allowing his counsel to withdraw without holding an additional hearing.

## C.    Discovery Request

Kellis alleges the district court erred in denying Kellis's motion to depose and motion for an investigator. Kellis alleges that, by denying his motions, Kellis was denied the opportunity to obtain the necessary evidence in support of his claims. Any error or defect in the proceeding which does not affect the substantial rights of the parties will be disregarded. I.R.C.P. 61. In

---

[2]    On July 1, 2016, I.R.C.P. 11(b) was amended and renumbered to I.R.C.P. 11.3. However, the amendments were not in effect at the time of Kellis's proceedings. Accordingly, this opinion cites the rules as they were in effect at the time Kellis's counsel was allowed to withdraw.

7

other words, this Court will disregard harmless error. Even assuming the district court erred in denying Kellis's motions, the error was harmless. As explained above, all eight issues raised in Kellis's successive petition were dismissed on procedural grounds. Not a single issue was dismissed because Kellis lacked evidence to support his claim. Accordingly, assuming, without deciding, that the district court erred in denying Kellis's motion to depose and motion to hire an investigator, Kellis cannot show he was prejudiced by the error.

**D.     Summary Dismissal**

Kellis alleges the district court erred in summarily dismissing his successive petition for post-conviction relief. If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Kellis raised eight issues in his successive petition. The district court dismissed six of the issues on the basis that they had been previously decided and, therefore, were barred by the principle of res judicata. The remaining issues were dismissed by the district court on the basis that Kellis failed to provide a sufficient reason why the issues were not raised in his prior post-conviction petitions.

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). As the district court explained below, six of the eight issues raised in Kellis's successive petition were raised and dismissed in Kellis's prior petition for post-conviction relief. Accordingly, the issues are barred by res judicata. Thus, the district court did not err in dismissing those claims.

In addition to the claims being barred by res judicata, the district court held that Kellis failed to provide a sufficient reason why any of the eight issues were not raised in his prior

8

petition. Kellis had the burden of providing a sufficient reason the issues raised in his successive petition were not raised or were inadequately raised in his prior petition for post-conviction relief. *See* I.C. § 19-4908; *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. The sole reason Kellis provided the district court for raising the eight issues in a successive petition is that his prior post-conviction counsel failed to adequately present the issues. The state argues that ineffective assistance of counsel is not a sufficient reason for a successive petition for post-conviction relief, citing *Murphy*, 156 Idaho 389, 327 P.3d 365. However, Kellis argues that *Murphy* is not controlling in his case because he is not raising a claim of ineffective assistance of post-conviction counsel. Rather, Kellis argues his counsel's ineffectiveness is a mere explanation for why the issues were not adequately raised in his first post-conviction petition, satisfying his burden under I.C. 19-4908.

Kellis's efforts to distinguish his case from *Murphy* is unavailing. The issues in *Murphy* were strikingly similar to the issues here. In that case, Murphy filed a successive petition for post-conviction relief raising a number of claims of ineffective assistance of trial counsel. Murphy asserted that her claims were properly before the district court on successive petition because her previous counsel failed to raise them or failed to adequately present them in her first post-conviction proceeding. The Idaho Supreme Court held that ineffective assistance of counsel is not a sufficient reason to file a successive petition for post-conviction relief. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. Despite Kellis's effort to distinguish this case from the holding in *Murphy*, that case controls the outcome here. Just as ineffective assistance was not a sufficient reason to file a successive petition for post-conviction relief in *Murphy*, it is not a sufficient reason here. Accordingly, Kellis has not shown that the district court erred in summarily dismissing his successive petition for post-conviction relief.

## IV.

### CONCLUSION

Kellis has not shown that the district court erred in denying his motion for appointment of substitute counsel. In addition, Kellis has not shown the district court erred in granting his post-conviction counsel's renewed motion to withdraw without holding an additional hearing on the motion. Assuming the district court erred in denying Kellis's motions to depose and hire an investigator, Kellis has not shown he was prejudiced by the error. Finally, Kellis has not shown

9

that the district court erred in summarily dismissing his successive petition for post-conviction relief.  Therefore, we affirm the district court's order summarily dismissing Kellis's successive petition for post-conviction relief.  No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.