**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43976**

| | | |
|---|---|---|
| **GREGORY JOSEPH NELSON,** | ) | **2017 Unpublished Opinion No. 537S-2** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: April 6, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| | ) | **DATED DECEMBER 19, 2017,** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Gregory Joseph Nelson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Gregory Joseph Nelson appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. Nelson specifically argues the district court erred in summarily dismissing his successive petition, denying his discovery requests, denying him leave of court to file a "bifurcated" petition, denying requests for counsel, and not ruling on a separate discovery request and a separate motion for leave to file an amended petition. For the reasons explained below, we affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, a jury found Nelson guilty of kidnapping in the first degree and lewd conduct with a minor under the age of sixteen. The district court sentenced Nelson to concurrent fixed terms of life imprisonment. Nelson appealed the judgment and his sentence, and this Court affirmed. *State v. Nelson*, 131 Idaho 210, 953 P.2d 650 (Ct. App. 1998).

Nelson filed his initial petition for post-conviction relief in 1999. The district court summarily dismissed the petition, and this Court affirmed. *Nelson v. State*, Docket No. 27266 (Ct. App. Sept. 22, 2003) (unpublished). Nelson filed numerous successive petitions over the years that were summarily dismissed. In Nelson's most recent successive petition at issue on appeal--his seventh petition--he requested STR DNA testing of the victim's rape kit and the release of the victim's DNA to see whether it matches testing results of Nelson's underwear that he alleges he wore at the time of his contact with the victim. Nelson maintained the testing will prove his innocence because, he alleged, the victim's DNA will not be found on Nelson's underwear. Additionally, Nelson alleged the State withheld impeaching evidence pertaining to an FBI analyst.

Nelson also challenges on appeal the denial of several post-petition motions. For instance, he filed a motion to compel compliance with a subpoena duces tecum that he served on the Idaho State Police Forensic Services (ISPFS) demanding the disclosure of the DNA record and profile of the victim. The district court denied the motion to compel compliance and granted the State's motion to quash Nelson's subpoena. The district court reasoned that the discovery of the victim's DNA would not lead to exculpatory evidence.

Nelson filed motions for court-ordered discovery, leave of court to conduct discovery, leave of court to file a "bifurcated" amended petition, and leave of court to file an amended petition. The district court denied Nelson's motion for court-ordered discovery because it found that Nelson did not show a probability that any further testing or discovery would lead to exculpatory evidence. Furthermore, the district court denied Nelson's motion for leave to file a "bifurcated" amended petition, determining that he had not provided a sufficient reason for leave to file an amended petition--it was in essence identical to the original petition he filed. The district court implicitly denied Nelson's motions for leave of court to conduct discovery and yet another leave of court to file an amended petition.

Nelson filed two separate motions for appointment of counsel. The district court denied both motions because it determined Nelson's seventh successive petition was frivolous.

Ultimately, the district court summarily dismissed Nelson's petition following a hearing on the matter, reasoning that he failed to present a prima facie case that additional testing of the victim's rape kit or release of any previous DNA results of the victim would more probably than not prove Nelson's innocence. Additionally, the district court summarily dismissed Nelson's claim that the State withheld impeaching evidence pertaining to the FBI analyst, finding that this claim was untimely. Nelson timely appeals.

## II.

## ANALYSIS

### A.     Summary Dismissal of DNA Testing Request

Nelson contends the district court erred in summarily dismissing his successive petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and

3

agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

4

929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Pursuant to Idaho Code § 19-4902(b), a petitioner may file a post-conviction petition seeking DNA testing on evidence that was secured in relation to the criminal trial if the evidence was not subjected to the requested DNA testing because the technology was not available at the time of trial. The petitioner must present a prima facie case that identity was at issue in the trial and that the evidence was subject to a "chain of custody sufficient to establish that such evidence has not been substituted, tampered with, replaced or altered in any material aspect." I.C. § 19-4902(c). The trial court must allow the testing under reasonable conditions if it determines that the result of the testing has the scientific potential to produce new, noncumulative evidence that would show that it is more probable than not that the petitioner is innocent and that the testing method requested would likely produce admissible results. I.C. § 19-4902(e). The more probable than not standard is essentially a 51 percent standard. *Bourgeois v. Murphy*, 119 Idaho 611, 622, 809 P.2d 472, 483 (1991). Thus, before allowing post-conviction DNA testing, the trial court must make a determination that the testing results, whatever they may be, have the scientific potential to demonstrate that it is more than 50 percent likely the petitioner is innocent. In the event testing is conducted, the court shall "order the appropriate relief" if the results demonstrate, in light of all admissible evidence, that the petitioner is not the person who committed the offense. I.C. § 19-4902(f). The petitioner has the burden of establishing that claim by a preponderance of the evidence. *Fields v. State*, 151 Idaho 18, 24, 253 P.3d 692, 698 (2011); *McCoy v. State*, 129 Idaho 70, 72-73, 921 P.2d 1194, 1196-97 (1996).

Here, Nelson requested testing of the victim's rape kit or the release of the victim's DNA results in order to compare it to the DNA testing done on Nelson's underwear that he was wearing at the time of his contact with the victim. Nelson alleged the victim's DNA will not be found on his underwear, and therefore he is innocent. The district court concluded Nelson failed to present a prima facie case that additional testing of the victim's rape kit or release of any previous DNA results of the victim had the scientific potential to produce new, noncumulative evidence that would show it is more probable than not that Nelson was innocent. We agree. Nelson testified at the criminal trial that he never had penile contact with the victim. In his own affidavit attached to his seventh petition, Nelson stated he never had penile contact with the

5

victim. Thus, the absence of the victim's DNA on Nelson's underwear does not show it is more probable than not that Nelson is innocent. Accordingly, the district court properly summarily dismissed this claim.

**B.      Discovery Requests**

Nelson maintains the district court erred in denying two of his discovery requests and in not ruling on a third discovery request. When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. Idaho Criminal Rule 57(b); *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in fishing expeditions, as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

**1.      Subpoena duces tecum and motion to compel compliance with the subpoena**

Nelson contends the district court erred in granting the State's motion to quash Nelson's subpoena duces tecum and denying his motion to compel compliance with the subpoena. Nelson served a subpoena duces tecum on the ISPFS seeking the DNA record and profile of the victim. The district court recognized its discretionary authority in addressing the discovery request and determined the discovery of the victim's DNA would not lead to exculpatory evidence.

While Nelson argues the State's motion to quash the subpoena was not timely filed, it is of no consequence because the district court's ruling on Nelson's motion to compel is

dispositive. We turn to the merits of Nelson's motion to compel compliance. Nelson argues the ISPFS's compliance with the subpoena would have provided an exculpatory nexus between the victim's DNA profile and the unknown minor DNA profile found on Nelson's underwear, warranting a new trial. First, Nelson does not argue that such discovery is necessary to protect his substantial rights. Second, as previously stated, Nelson did not demonstrate the release of the victim's DNA record and profile has the scientific potential to produce new, noncumulative evidence that would show it is more probable than not that Nelson is innocent. The district court therefore did not err in granting the State's motion to quash the subpoena and in denying Nelson's motion to compel compliance with the subpoena.

### 2. Denial of motion for court-ordered discovery

Next, Nelson argues the district court erred in denying his motion for court-ordered discovery. Nelson filed the motion in order to compel the production of information pertaining to the State's expert witness--a lab analyst. Nelson's motion was filed in response to the State's notice to the district court that it intended to call the lab analyst at future hearings on the State's pending motions in the case, including the State's motion for summary dismissal, in order to support the State's motions. In denying Nelson's motion, the district court determined Nelson failed to show a probability that the production of documents related to the expert's testimony would lead to exculpatory evidence or was otherwise necessary to protect Nelson's substantial rights. We agree with the district court. A review of the motion indicates Nelson failed to argue the discovery was necessary to protect his substantial rights. He also failed to explain how the discovery would lead to exculpatory evidence. Moreover, even if the district court did err, the error is harmless because the State never called the witness to testify at subsequent hearings. Therefore, the district court appropriately denied this motion for court-ordered discovery.

### 3. Failure to rule on motion for leave of court to conduct discovery

Nelson further maintains the district court erred in not ruling on his motion for leave of court to conduct discovery. Nelson specifically sought the identification and testing of an item referenced in a law enforcement property invoice that was booked into the state lab. He filed his motion on December 9, 2015, and on January 20, 2016, the district court summarily dismissed Nelson's petition. The district court's summary dismissal constitutes an implicit denial of Nelson's motion for leave of court to conduct discovery. This is because "where a district court fails to rule on a motion, we presume the district court denied the motion." *State v. Wolfe*, 158

7

Idaho 55, 61, 343 P.3d 497, 503 (2015). In fact, the district court specifically referenced the motion for leave of court to conduct discovery in its order summarily dismissing Nelson's petition. Nelson, however, fails to provide argument and authority as to why the district court erred in denying his motion for leave of court to conduct discovery. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). This issue is therefore waived on appeal.

**C.      Leave to File Amended Post-Conviction Petitions**

Nelson contends the district court erred in denying his July motion for leave to file a "bifurcated petition" and in not ruling on his December motion for leave to file an amended petition. During a hearing, the district court denied Nelson's motion for "leave of court to file bifurcated amended petition for STR DNA testing, and successive petition for post-conviction relief." The district court determined there was no sufficient reason at that point in time to grant leave to amend the petition because the proposed petition was identical to the original petition.

Pursuant to I.R.C.P. 15(a), once a responsive pleading has been filed a party may amend a pleading only by leave of court or by written consent of the adverse party. Whether to grant leave to amend a pleading is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion. *Black Canyon Racquetball Club, Inc. v. Idaho Nat'l Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). Reasons for which leave to amend may be denied include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *McCann v. McCann*, 138 Idaho 228, 237, 61 P.3d 585, 594 (2002); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272, 561 P.2d 1299, 1305 (1977). The district court properly denied Nelson leave to file a "bifurcated" amended petition where the proposed "bifurcated" petition was identical to the original.[1]

---

[1]      Though Nelson is correct that his amended petition was not technically identical to his original petition, his request for testing of additional samples contained in the victim's rape kit is not a significant difference. The amended petition contains no new alleged facts or authority that demonstrate that additional testing has the scientific potential to produce new, noncumulative evidence that would show it is more probable than not that Nelson is innocent. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). Any error made here by the district court was not prejudicial as amendment would have been futile.

Nelson also contends the district court erred in declining to rule on his subsequent "Motion for Leave of Court to File Amended Petition for STR DNA Testing and Successive Petition for Post-Conviction Relief." The district court referenced the motion in its order granting summary dismissal: "On December 9, 2015, the Petitioner then filed a Motion for Leave of Court to File Amended Petition for [STR] DNA Testing and Successive Petition for Post-Conviction Relief." We adhere to the proposition that the district court's order summarily dismissing Nelson's petition constitutes an implicit denial of Nelson's motion for leave to file an amended petition. On appeal, Nelson fails to present argument or authority as to how the district court erred in denying his motion for leave to file an amended petition. Accordingly, this issue is waived.

D.      **Summary Dismissal of FBI Analyst Claim**

Nelson further alleged the State withheld impeaching evidence pertaining to the FBI analyst. Nelson pointed to a report from the United States Office of Inspector General (OIG) regarding allegations the FBI analyst made against FBI lab practices. The OIG concluded that while the FBI analyst justifiably raised concerns in some respects, some of his allegations were unsupported by facts and he utilized bad judgment in the manner in which he raised some of his allegations. The State obtained a portion of the report, which included some of the OIG's conclusions regarding the FBI analyst. The State then e-mailed that portion of the report to Nelson's trial attorney. Nelson raised a *Brady* claim in his original petition for post-conviction relief, filed in December 1999, based on the facts contained in the partial 1997 OIG report.[2] However, Nelson did not obtain a copy of the complete OIG report until September 2, 2014. In the current petition, Nelson attempted to bring a new *Brady* claim based on the facts contained in the portions of the OIG report that he did not receive until 2014. The district court summarily dismissed this claim after finding that Nelson had failed to show why this claim could not have been raised in his six previous petitions or on direct appeal, noting that Idaho Code § 19-4902(a) requires claims to be raised via an application filed within one year from the determination of an appeal or proceeding following an appeal, whichever is later.

---

[2]      *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

9

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id.* Therefore, the question here is whether the petitioner filed the successive petition within a reasonable period of time.

The deputy prosecutor that provided Nelson's attorney with a partial copy of the OIG report back in 1997 specifically noted that it was a partial copy. Moreover, the portions of the report provided to Nelson in 1997 began with "Section D" at page 147. Nelson, therefore, had notice of the existence of the complete 1997 OIG report for over fifteen years by the time he sent a letter, dated October 27, 2014, to the Department of Justice Criminal Division inquiring about the full report. Because Nelson could have acquired a complete copy of the OIG report in the late 1990s, his most recent *Brady* claim is not timely.

### E.     Motions for Appointment of Counsel

Nelson maintains the district court erred in denying his motions for appointment of counsel. Nelson filed his first motion for appointment of counsel in April 2015. The district court found Nelson indigent, but denied the motion after it determined Nelson did not allege facts that raise the possibility of a valid claim and the successive petition was frivolous. Nelson filed a second motion for appointment of counsel in December 2015. In its order granting summary dismissal, the district court addressed the second motion for counsel. Again, the district court found that Nelson did not allege facts that raise the possibility of a valid claim. The district court determined the successive petition was frivolous and denied Nelson's second motion for appointment of counsel.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329

P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

A review of the record indicates Nelson failed to allege facts that raise the possibility of a valid claim. As discussed above, Nelson failed to present a prima facie case that additional testing of the victim's rape kit or release of any previous DNA results of the victim would prove it was more probable than not that Nelson was innocent. Turning to Nelson's claims regarding the FBI analyst, the district court properly concluded that they were untimely. For these reasons, we agree with the district court's determination that Nelson's seventh successive petition is frivolous. Accordingly, the district court's denial of Nelson's motions for appointment of counsel was proper.

### III.

### CONCLUSION

The district court did not err in summarily dismissing Nelson's seventh successive petition because Nelson did not present evidence making a prima facie case as to each essential element of the claims regarding DNA testing. Moreover, Nelson has not shown how his FBI analyst claim was timely. The district court correctly denied Nelson's discovery requests

11

because Nelson did not demonstrate the release of the victim's DNA record and profile is necessary to protect Nelson's substantial rights, and Nelson failed to argue that court-ordered discovery was necessary to protect his substantial rights. Nelson's motion for leave to conduct discovery and Nelson's motion for leave to file an amended petition were implicitly denied with the issuance of the order summarily dismissing Nelson's successive petition. Nelson waived the merits of these issues on appeal by not providing argument or authority. The district court properly denied Nelson leave to file an amended "bifurcated" petition where the proposed petition was substantially identical to the original petition. Lastly, the district court properly exercised its discretion in denying Nelson's motions for appointment of counsel because Nelson's seventh successive petition was frivolous. We therefore affirm the judgment of the district court summarily dismissing Nelson's successive petition for post-conviction relief.

Chief Judge GRATTON and Judge Pro Tem WALTERS **CONCUR**.