# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49020

| | |
|---|---|
| DEREK JON SANDERS, ) | |
| ) | Filed: April 27, 2023 |
| Petitioner-Appellant, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, reversed in part and case remanded.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Derek Jon Sanders appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. For the reasons discussed below, we reverse, in part, and remand the case for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Sanders guilty of criminal possession of a financial transaction card, Idaho Code § 18-3125; grand theft, I.C. §§ 18-2403(1), 18-2407(1); and being a persistent violator, I.C. § 19-2514. On July 18, 2017, Sanders filed a petition for post-conviction relief. On August 4, 2017, Sanders filed an appeal in the underlying case arguing the reasonableness of his sentence. Both his petition and direct appeal proceeded at the same time. The post-conviction petition was dismissed on July 26, 2018. Sanders appeals from his sentence that was affirmed by this Court in

1

an unpublished opinion. *See State v. Sanders*, Docket No. 45315 (Ct. App. Aug. 13, 2018). Sanders appeals from the dismissal of his post-conviction petition that was also affirmed by this Court. *See Sanders v. State*, Docket No. 46461 (Ct. App. Apr. 21, 2020) (unpublished).

On July 28, 2020, Sanders filed a successive petition for post-conviction relief raising an ineffective assistance of appellate counsel claim, alleging that appellate counsel failed to raise certain issues on appeal. The district court dismissed Sanders' successive petition for post-conviction relief without providing notice of the intent to dismiss. Sanders timely appealed and filed an Idaho Rule of Civil Procedure 60(b) motion, arguing relief should be granted because the district court failed to give him notice before dismissing his successive petition as required by I.C. § 19-4906(b). The district court granted the Rule 60(b) motion, rescinded the dismissal of Sanders' successive petition, and appointed counsel. The district court gave notice of its intent to dismiss the successive petition for post-conviction relief. Sanders filed a response to the notice of intent to dismiss, arguing that the successive petition and motion to amend the successive petition should be treated as supplements or amendments to the first petition. Alternatively, Sanders asserted that his trial and appellate counsel were ineffective by advising him when to file his petition for post-conviction relief; the successive petition should be treated as a Rule 60(b) motion; and the successive petition bar should not apply because the petition asserted meritorious claims. The district court rejected these arguments and, again, dismissed Sanders' successive petition. Sanders timely appeals.

## II.

## STANDARD OF REVIEW

If an initial post-conviction action was timely filed, an individual may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to

supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

**III.**

**ANALYSIS**

Sanders argues that the district court erred by dismissing the ineffective assistance of appellate counsel claim raised in his successive petition because there was sufficient reason why that claim was not raised in the original petition. Specifically, he claims that the ineffective assistance of appellate counsel claim could not have been raised in his initial post-conviction petition because that petition was filed before the appeal in his underlying criminal case was filed. Sanders further argues that the district court erred by failing to provide notice of the reasons for dismissing this claim. Sanders contends the appropriate remedy is partial vacation of the district court's order dismissing the successive petition and remanding the case for consideration of this claim. The State argues that Sanders could have amended his initial petition because he learned of the basis for his ineffective assistance of appellate counsel claim before the initial petition was resolved. Specifically, the State argues that Sanders would have known of the fact that his direct appeal only involved a challenge to his sentence, and not his conviction, when his appellate brief was filed and that he failed to show that he was not aware of the issue raised in the direct appeal in time to amend his first petition.

Sanders is correct that the district court did not provide notice of the grounds for dismissing his ineffective assistance of appellate counsel claim. The district court dismissed his successive petition on the ground that:

> This Court has already reviewed the Petitioner's allegations of ineffective assistance of counsel, including the failure to object to erroneous jury instructions in dismissing his first Petition for Post-Conviction Relief. New evidence may provide sufficient reason for a subsequent petition when it unearths "claims which simply [were] not known to the defendant within the [one-year] time limit, yet raise important due process issues." In responding to the Notice of Intent to Dismiss, the Petitioner has not submitted information raising any newly discovered evidence or addressing an issue that has not previously been adjudicated by this Court. Rather, Mr. Sanders is again asking this Court to grant relief based upon the ineffective assistance of counsel pertaining to the question of jurisdiction or venue and decisions regarding jury instructions. Therefore, the information provided by Mr. Sanders pursuant to his latest response, which does not contain new evidence and which made claims already examined and rejected by this Court, provides no "sufficient reason" to resurrect previously litigated claims. As such, this Court must dismiss the Petitioner's Successive Petition for the reasons stated herein, as

3

well as the reasons thoroughly set out in the Notice of Intent to Dismiss. Mr. Sanders presented these claims in his initial petition, and he has not asserted any reason in his successive petition, sufficient or otherwise, as to why those claims were inadequately raised in his original application.

The district court only addressed the claims Sanders had previously raised without mention of the claim of ineffective assistance of appellate counsel. The district court did not address Sanders' new claim of ineffective assistance of appellate counsel and, as a result, erred by not providing notice to Sanders of its intent to dismiss this claim. Thus, we reverse in part, and remand the case for further proceedings regarding Sanders' claim of ineffective assistance of appellate counsel.

## IV.

## CONCLUSION

The district court did not provide notice of its intent to dismiss or address Sanders' claim of ineffective assistance of appellate counsel in summarily dismissing his petition for post-conviction relief. Thus, we remand this case to the district court for further proceedings regarding Sanders' claim of ineffective assistance of appellate counsel.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.