174 P.3d 870

**Jaimi Dean CHARBONEAU, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 32120.

Supreme Court of Idaho, Boise, September 2007 Term.

Nov. 21, 2007.

Rehearing Denied Jan. 8, 2008.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

TROUT, Justice Pro tem.

Jaimi Charboneau appeals from the order of the district court summarily dismissing his third petition for post-conviction relief. We affirm the decision of the district court on the basis that the petition was not timely filed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Charboneau was tried for the shooting death of his ex-wife, Marilyn Arbaugh. At trial, Charboneau asserted that his ex-wife's daughter, Tiffnie, had also fired a gun and that she was responsible for the victim's fatal wound. The jury found Charboneau guilty of first degree murder and he was sentenced to death. Charboneau appealed and filed two applications for post-conviction relief. On appeal, this Court affirmed Charboneau's conviction but vacated his sentence and remanded the case for resentencing. *See State v. Charboneau,* 116 Idaho 129, 774 P.2d 299 (1989) (*Charboneau I* ). On remand, the district court sentenced Charboneau to a fixed life term. This Court affirmed the fixed life sentence on appeal in 1993. *See State v. Charboneau,* 124 Idaho 497, 861 P.2d 67 (1993) (*Charboneau II* ).

Charboneau, *pro se,* filed a third application for post-conviction relief in May 2002, alleging that the State had hidden or withheld a .22 pistol which was allegedly used by the victim's daughter to fire the fatal gun shot. Charboneau asserted he had discovered evidence which he claimed was newly acquired, including particularly: (1) taped statements by former Jerome County Sheriff's deputy Mito Alonzo (Alonzo) that additional undisclosed evidence existed including a second gun from the crime scene; and (2) a June 5, 2001, letter from former Jerome Sheriff Larry Gold stating he witnessed a "collaboration of minds intelligent enough to control the events of the times," and that [they] "stretch[ed] or manipulated the facts to arrange for a finding of guilt ... even if the chain of evidence needed a little repairing here and there, behind the scenes." Charboneau also moved for appointment of counsel. The State moved to dismiss the petition on the grounds that it was both untimely and successive, containing only claims that had or should have been previously raised. The district court granted the State's motion for summary dismissal, finding that Charboneau's petition was untimely, that his allegations had all been previously adjudicated, and that the new evidence Char-

boneau alleged he had found was neither new nor admissible.

Charboneau appealed the dismissal of his third petition for post-conviction relief. In 2004, this Court vacated the dismissal and remanded the case. *See Charboneau v. State,* 140 Idaho 789, 102 P.3d 1108 (2004) (*Charboneau III* ). The Court remanded the case to the trial court to determine Charboneau's entitlement to appointment of counsel before considering Charboneau's petition on the merits. Because of the remand for consideration of the appointment of counsel, the Court did not address the timeliness of the petition, but did note that if the taped evidence on which Charboneau based his petition existed, he might have a valid claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). On remand, Charboneau was represented by counsel. The district court issued a notice of intent to dismiss, to which Charboneau responded. The district court then summarily dismissed Charboneau's third petition and Charboneau timely appealed.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief under the Uniform Post Conviction Procedure Act (UPCPA) is civil in nature. *Stuart v. State,* 136 Idaho 490, 495, 36 P.3d 1278, 1282 (2001). Like a plaintiff in a civil action, the applicant for post-conviction relief must prove by a preponderance of evidence the allegations upon which the application for post-conviction relief is based. *Grube v. State,* 134 Idaho 24, 995 P.2d 794 (2000). Unlike the complaint in an ordinary civil action, however, an application for post-conviction relief must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant. I.C. § 19–4903. The application must include affidavits, records, or other evidence supporting its allegations, or must state why such supporting evidence is not included. *Id.*

Summary disposition of a petition for post-conviction relief is appropriate if the applicant's evidence raises no genuine issue of material fact. I.C. § 19–4906(b), (c). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Gilpin–Grubb v. State,* 138 Idaho 76, 80, 57 P.3d 787, 791 (2002), *citing LaBelle v. State,* 130 Idaho 115, 118, 937 P.2d 427, 430 (Ct.App.1997). A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. *Ferrier v. State,* 135 Idaho 797, 799, 25 P.3d 110, 112 (2001). When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. *Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990), *citing Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law. *Id.*

A defendant's right to due process is violated where the prosecution fails to disclose exculpatory evidence that is material either to guilt or punishment. *Porter v. State,* 136 Idaho 257, 261, 32 P.3d 151, 155 (2001) (citing *State v. Dopp,* 129 Idaho 597, 606, 930 P.2d 1039, 1048 (1996)). Whether evidence is material for purposes of due process analysis is a question of law, over which this Court exercises free review. *Id.*

## III.

## ANALYSIS

**A. Did the district court err by summarily dismissing Charboneau's third petition for post-conviction relief?**

**1. Proper time standard**

While this case was originally a capital murder case, upon Charboneau's resen-

tencing to life in prison in 1991, it became a non-capital case. "The provisions of the UPCPA govern all post-conviction claims that do not involve the death sentence." *Charboneau III*, 140 Idaho at 792, 102 P.3d at 1111 (citing *McKinney v. State*, 133 Idaho 695, 705, 992 P.2d 144, 154 (1999)). Idaho Code sections 19-4902 and 19-4908 govern the timeliness of petitions for post-conviction relief in non-capital cases. Thus it is to those provisions we look, rather than the provisions applicable to capital cases found in I.C. § 19-2719.

Idaho Code § 19-4902 requires that post-conviction petitions be filed within one year from the expiration of the time for appeal, or from the determination of an appeal, or from the determination of a proceeding following an appeal. In 1993, the legislature amended this statute to impose the one year limitation (previously five years), which gave defendants like Charboneau, who were convicted prior to the amendment and were still within the five year limit, one additional year within which to file a petition. Idaho Code § 19-4908 provides in part that any ground asserted in a subsequent post-conviction petition which was not previously raised, "may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised" in the original petition. There is no time limit set forth in these statutes regarding the filing of a subsequent petition and the State argues that any petitions must be filed within the one year time period stated in I.C. § 19-4902. However, the State acknowledges that, because of the due process implications arising from the State's misconduct where a *Brady*[1] violation is asserted, there may be a tolling of the one year statute of limitations until discovery of the *Brady* violation.

The district court found that Charboneau's petition for post-conviction relief was not filed within a reasonable time of discovery and should be dismissed as untimely. The district court reasoned that the one year time limit on filing a petition for post-conviction

relief did not apply to Charboneau's alleged *Brady* violation based on newly discovered evidence and found that a different time limit was implicit in the structure of the statute and consistent with the Idaho Supreme Court's jurisprudence in capital cases. However, the district court concluded that because Charboneau filed his petition more than one year after the discovery of evidence supporting his *Brady* claim, his petition was untimely.

█ In capital cases, this Court has required that successive petitions for post-conviction relief be filed within a reasonable time. *See Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). This "reasonable time" standard is not specifically stated in I.C. § 19-2719, which governs successive petitions in capital cases. Rather, the reasonable time standard is based on this Court's construction of statutory language barring claims that a defendant knew or reasonably should have known within 42 days after judgment was filed. *Paz*, 123 Idaho at 760, 852 P.2d at 1357 (construing I.C. § 19-2719(5)). As the Court has construed I.C. § 19-2719, a defendant may bring claims that he did not know or could not reasonably have known so long as those claims are brought within a reasonable time.

█ Based on this authority, the district court reasoned that the same "reasonable time" standard for capital cases under I.C. § 19-2719 should apply to claims of newly discovered evidence in non-capital cases under I.C. § 19-4908. While I.C. § 19-4908 does not mention whether successive petitions must be filed within the one year time limitation, the statute clearly contemplates there may be circumstances under which a successive petition may be filed if the trial court finds a claim "for sufficient reason was not asserted or was inadequately raised" in the original petition. Moreover, as acknowledged by the State, there may be claims which simply are not known to the defendant within the time limit, yet raise important due process issues. In *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283 (1990), this Court

---

1. Referring to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires the prosecution to disclose to the defense all exculpatory evidence known to the State or in its possession.

considered a successive petition containing allegations that the sheriff's office had been tape recording confidential attorney-client conversations within the jail. The information had come to light only "recently" but several years after the original petition for post-conviction relief. Nevertheless, this Court considered the successive petition. For that reason, we agree with the district court that there should be a reasonable time within which such claims are asserted in a successive post-conviction petition, once those claims are known. The trial court's analysis of "sufficient reason" permitting the filing of a successive petition must necessarily include an analysis of whether the claims being made were asserted within a reasonable period of time. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis, as has been done in capital cases.

## 2. Application of time standard to Charboneau's petition

Though the district court concluded that Charboneau's successive petition was not per se time barred, it found the petition untimely under a "reasonable time" standard. Charboneau argues that he brought his petition within a reasonable time of learning of alleged evidence the State withheld in violation of *Brady*. In the capital context, this Court has explained that "even if the State violated a petitioner's right to due process by withholding evidence, the petitioner [is] required to raise this issue, like other constitutional issues, within the time frame mandated by I.C. § 19–2719." *Porter v. State*, 136 Idaho 257, 261, 32 P.3d 151, 155 (2001). Even if Charboneau has sufficiently alleged an actual *Brady* violation, therefore, he must first establish that he has done so within a reasonable time.

■ Regarding Charboneau's allegations of a second, hidden, undisclosed gun, the district court made a factual finding that "[a]t the latest, petitioner was fully aware of this information in April 2001." The court observed that Charboneau filed his application for post-conviction relief more than a year later on May 23, 2002, yet "provided no explanation for this passage of time" and did

not address the issue of timeliness. The district court found the delay of over a year unreasonable. At the latest, Charboneau learned of the information on the Alonzo tape in April of 2001, but as the district court pointed out, there is other evidence making it likely Charboneau had knowledge of the alleged hidden gun as early as 1999. At a minimum, Charboneau filed his petition thirteen months after his awareness of Alonzo's allegations of undisclosed evidence of an additional gun and that is simply too long a period of time to be reasonable.

■ Additionally, Charboneau argues that the reasonable time in which a petition must be filed should be measured from the point that a petitioner has sufficient evidence to support the petition, not the point at which a petitioner learns of "physical evidence which he did not have and could not possess." Charboneau asserts that he did not have sufficient evidence to bring his petition until he received the letter from Gold and that he filed his petition eleven months after that date. This Court, in the capital context, has measured timeliness from the date of notice, not from the date a petitioner assembles a complete cache of evidence. *See McKinney v. State*, 143 Idaho 590, 594, 150 P.3d 283, 287 (2006) (finding that expert's testimony that trigger pull was "one of the heaviest he had ever encountered" put defendant on notice of possible evidence tampering, and faulting defendant for doing nothing at that point to investigate whether trigger pull had been altered). We see no reason to apply a different standard in a non-capital case.

Based on the unique facts of this case, Charboneau's delay is unreasonable even under a "reasonable time" standard specific to non-capital cases. We, therefore, affirm the district court's decision to dismiss Charboneau's petition as untimely. For that reason, we need not address the other grounds for dismissal discussed by the district court.

## VI.

## CONCLUSION

We find Charboneau's petition untimely under a "reasonable time" standard specific

to non-capital petitions, and affirm the district court's dismissal on timeliness grounds.

Justice W. JONES, Justices Pro Tem KIDWELL, REINHARDT and JUDD concur.

