# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39245

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 611 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEVEN LEE HYDE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Order denying motion for leave to file successive petition for post-conviction relief, <u>affirmed</u>.

Steven Lee Hyde, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Steven Lee Hyde appeals from the district court's order denying his motion for leave to file a successive petition for post-conviction relief. For the reasons set forth below, we affirm.

In 1993, Hyde was found guilty of eight counts of robbery. The district court imposed concurrent unified life sentences, with minimum periods of confinement of twenty-five years. This Court affirmed Hyde's judgment of conviction and sentences on appeal. *State v. Hyde*, 127 Idaho 140, 898 P.2d 71 (Ct. App. 1995). In 1996, Hyde filed a petition for post-conviction relief. According to the district court's order denying Hyde's motion for leave to file a successive petition for post-conviction relief in the instant action, Hyde's 1996 petition was dismissed as untimely. Also according to that order, Hyde appealed the dismissal of his 1996 petition, but the appeal was dismissed in 1997.[1] In 2011, Hyde submitted a motion in his criminal case seeking

---

[1] Hyde's 1996 petition for post-conviction relief, the order dismissing such petition, and the order dismissing Hyde's appeal do not appear in the record.

the district court's leave to file a successive petition for post-conviction relief, which the district court denied. Hyde appeals.

Hyde argues that the district court erred by denying his motion for leave to file a successive petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made, which were not known when the original petition was filed, were asserted within a reasonable period of time, once those claims were known. *Id.* at 905, 174 P.3d at 875.

In Hyde's 2011 motion for leave to file a successive petition for post-conviction relief, Hyde asserted that his 1996 petition was wrongly dismissed as untimely. Thus, Hyde asked that the district court "reinstate" his 1996 petition. The district court determined that it did not have authority under the Uniform Post-Conviction Procedure Act, I.C. §§ 19-4901 through 19-4911, to permit Hyde to file the successive petition and, therefore, denied Hyde's motion. We agree. By his 2011 motion, Hyde sought to file a successive petition for post-conviction relief that "reinstated" the same claims that Hyde raised in his 1996 petition. Accordingly, Hyde knew of the claims he wished to raise in his successive petition at the time he filed his original petition. Hyde does not argue that such claims were inadequately raised in his original petition. Therefore, Hyde has not shown sufficient reason to be allowed to proceed with a successive petition, and the district court did not err by denying his motion for leave to file such petition. The district court's order denying Hyde's motion for leave to file a successive petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

2