**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41314**

| | | |
|---|---|---|
| **JEREMY FLORES SANCHEZ,** | ) | **2014 Unpublished Opinion No. 723** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 17, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Summary dismissal of successive petition for post-conviction relief, <u>affirmed</u>; order denying motion to reconsider, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jeremy Flores Sanchez appeals from the district court's summary dismissal of his successive petition for post-conviction relief and denial of his motion to reconsider. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Sanchez was found guilty by a jury of conspiracy to commit robbery, robbery, conspiracy to commit first degree kidnapping, first degree kidnapping, aggravated battery, and attempted first degree murder. The district court sentenced Sanchez to four consecutive determinate life terms and two consecutive determinate fifteen-year terms. This Court affirmed Sanchez's judgment of conviction and sentences on direct appeal. *State v. Sanchez*, 142 Idaho 309, 324, 127 P.3d 212, 227 (Ct. App. 2005).

Sanchez filed his initial petition for post-conviction relief in 2006, asserting claims of ineffective assistance of trial counsel, due process violations, ineffective assistance of counsel on

1

appeal, and miscarriage of justice, i.e., actual innocence and new evidence. The district court dismissed all of his claims, and we affirmed. *Sanchez v. State*, Docket No. 35183 (Ct. App. Aug. 5, 2009) (unpublished).

Three and one-half years later, Sanchez filed the instant, successive petition for post-conviction relief. The successive petition asserted claims of newly discovered evidence based on the affidavit of Kenneth Wurdemann, a co-defendant, who asserted he provided perjured testimony during Sanchez's trial. The petition also asserted several claims of ineffective assistance of appellate and post-conviction counsel. The State filed an answer and motion for summary dismissal, asserting that Sanchez's successive petition was untimely and failed to raise a genuine issue of material fact. The district court granted the State's motion on those grounds. Sanchez then filed a motion to reconsider and that motion was denied by the district court. Sanchez timely appeals.

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Generally, all allegations relating to a request for post-conviction relief must be asserted in one petition. I.C. § 19-4908. A successive petition for post-conviction relief may be summarily dismissed "if the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding." *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006) (citing I.C. § 19-4908).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no statutory or constitutional right to the effective assistance of counsel in post-conviction relief proceedings. *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). Moreover, ineffective assistance of prior post-conviction counsel is not a "sufficient

2

reason" under I.C. § 19-4908 for allowing a successive post-conviction petition. *Murphy*, 156 Idaho at 396, 327 P.3d at 372. Analysis of "sufficient reason" permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.*

The district court found that Sanchez's claims in his successive petition for post-conviction relief were not timely raised. Sanchez argues that he became aware of new evidence (Kenneth Wurdemann's affidavit) in November 2012 and received a copy of the affidavit in February 2013 and, thus, he brought his petition within a reasonable time of learning of the evidence. However, the district court made a factual finding that Sanchez's trial counsel sent him a copy of an "almost identical affidavit from Kenneth Wurdemann on September 24, 2009." Thus, the court found that Sanchez had notice of both the existence of the affidavit and the contents at that time. Sanchez has failed to show that the district court's finding was erroneous in any way. In addition, the court observed that Sanchez filed his petition for post-conviction relief three and one-half years later on March 14, 2013, yet "failed to include admissible evidence as to why [his] claims could not have been timely filed." We agree that a three-and-one-half-year delay was well outside a reasonable time period for Sanchez to file his successive petition. Therefore, the district court properly dismissed Sanchez's claims of newly discovered evidence from Kenneth Wurdemann as untimely.

Likewise, Sanchez's claims of ineffective assistance of counsel were untimely. The relevant facts underlying claims of ineffective assistance of counsel are presumed known at the time of such alleged ineffective assistance. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009). Thus, Sanchez knew of the claims of ineffective assistance of appellate counsel at the time of his appeal in 2005, and such claims should have been raised in his initial petition for post-conviction relief.[1] In fact, Sanchez did claim ineffective assistance of appellate counsel in his initial petition for post-conviction relief. As such, not only are any claims regarding

---

[1] Sanchez argues the court erred in dismissing these claims because he is challenging the district court's subject matter jurisdiction and such challenges can be raised at any time. Even assuming the truth of his claims, his challenge is inappropriate as it has been brought through the guise of ineffective assistance of counsel, which is subject to being time barred or waived if not brought in the initial petition. *See* Idaho Code § 19-4908.

ineffective assistance of appellate counsel untimely, but they have been waived, as they should have been raised in the first petition. *See* I.C. § 19-4908. Lastly, Sanchez argues his post-conviction counsel provided ineffective assistance. However, because there is no statutory or constitutional right to effective assistance of post-conviction counsel, these claims are not permissible.

Sanchez also argues that the district court erred in denying his motion to reconsider the court's summary dismissal of his post-conviction claims. In support of his argument, Sanchez argues that he did not have effective access to counsel and he filed his petition within a timely period of receiving the new affidavit, which contained different facts than the original affidavit. In denying his motion, the district court reasoned that Sanchez was not without options of accessing counsel, but simply failed to exercise the appropriate option of seeking appointment of post-conviction counsel. The court further reasoned that the affidavits at issue were "virtually identical as to the material elements relied upon by [Sanchez]" and as such, he was on notice of the claims in 2009 and did not provide sufficient basis for tolling the time limits. For the reasons stated above, we affirm the district court's denial of Sanchez's motion to reconsider.

## III.

## CONCLUSION

The district court did not err in determining that Sanchez's claims were untimely. Accordingly, the district court's order dismissing Sanchez's successive petition for post-conviction relief and denial of his motion to reconsider are affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

4