IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42005

| CHRISTOPHER HARRISON, | ) | 2014 Unpublished Opinion No. 823 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Summary dismissal of petition for post-conviction relief, affirmed.

Christopher Harrison, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Christopher Harrison appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Harrison was found guilty by a jury of attempted robbery and the use of a firearm during the commission of that crime. Idaho Code §§ 18-6501; 19-2520. The district court sentenced Harrison to a unified term of thirty years with fifteen years determinate. The court also ordered that the sentence be served consecutively to any sentences Harrison was then serving. This Court affirmed Harrison's judgment of conviction and sentence on direct appeal. *State v. Harrison*, 136 Idaho 504, 505, 37 P.3d 1, 5 (Ct. App. 2001).

Harrison filed an initial petition for post-conviction relief in 2002 asserting, among other claims, ineffective assistance of counsel. The district court denied Harrison's application for

1

post-conviction relief and we affirmed. *Harrison v. State*, Docket No. 31439 (Ct. App. Dec. 19, 2005) (unpublished).

Approximately eight years later, Harrison filed the instant successive petition for post-conviction relief. Harrison again asserted ineffective assistance of trial counsel as well as inadequate access to the courts. After providing notice, the district court summarily dismissed the petition on the ground that it was untimely pursuant to I.C. § 19-4902(a). Harrison timely appeals.

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Generally, all allegations relating to a request for post-conviction relief must be asserted in one petition. I.C. § 19-4908. A successive petition for post-conviction relief may be summarily dismissed "if the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding." *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006) (citing I.C. § 19-4908).

A post-conviction action may not be summarily dismissed, however, unless the petitioner has been given twenty days' notice, either by the court or by motion of the State, and an opportunity to respond before dismissal is ordered. I.C. § 19-4906(b); *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981).

Idaho Code § 19-4902(a) requires that a post-conviction proceeding be commenced by filing a petition "any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of "sufficient reason" permitting the filing of a successive

2

petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable period of time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.*

In response to Harrison's filing for post-conviction relief, the district court issued notice of its intent to summarily dismiss the petition on the basis that it was untimely. The district court did not appear to recognize that Harrison had previously filed a post-conviction petition, and did not expressly analyze whether Harrison demonstrated sufficient reason to justify filing a successive petition or whether Harrison filed the successive petition within a reasonable time. However, the court noted that more than twelve years had passed since the conclusion of Harrison's direct appeal. The record further reflects that approximately eight years had passed since the conclusion of Harrison's initial post-conviction petition.

In his reply to the court's notice of intent to dismiss his petition, as well as in his appeal of its dismissal, Harrison acknowledges that his petition for post-conviction relief was successive. However, he does not argue that his claims are being asserted within a reasonable period of time from the conclusion of his initial petition. Instead, Harrison focuses on equitable tolling regarding timeliness of filing an initial petition.[1] Although Harrison addresses the issue of timeliness through the application of incorrect standards, he nonetheless has attempted to address the issue of timeliness both to the district court and on appeal. Harrison failed to demonstrate, and the district court failed to find, that he asserted his claims within a reasonable time from the filing of his initial petition for post-conviction relief. The district court's determination that Harrison failed to demonstrate any basis for tolling applies equally to the correct "reasonable time" standard. Harrison has not demonstrated error in the district court's determination. We agree that Harrison's petition was untimely filed as an eight-year delay was well outside any reasonable time period for Harrison to file his successive petition, considering Harrison is raising the same argument--ineffective assistance of counsel--that he has already

---

[1]     Harrison relies on federal cases rather than Idaho cases and asserts that the case of *Martinez v. Ryan*, ___ U.S. ___,132 S. Ct. 1309 (2012) applies to his claims and the recent release of that case makes his successive petition timely. *Martinez*, however, applies to federal habeas corpus petitions, not this state claim.

raised in his earlier appeal and initial petition for post-conviction relief.[2] Therefore, Harrison has failed to show that the district court erred in summarily dismissing his post-conviction petition.

## III.

## CONCLUSION

The district court did not err in determining that Harrison's claims were untimely. Accordingly, the district court's order dismissing Harrison's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[2] Further, Harrison claims that his prior post-conviction counsel failed to adequately raise his ineffective assistance of counsel claims. However, that claim does not support sufficient reason for filing or effect the time for filing a successive petition. *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014).