# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45132

| | |
|---|---|
| STEVE A. CHERRY,<br><br>      Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>      Respondent. | )<br>)  **Filed: September 18, 2018**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion for permission to file successive petition for post-conviction relief, <u>affirmed</u>.

Steve A. Cherry, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

      Steve A. Cherry appeals from the district court's order denying his motion for permission to file a successive petition for post-conviction relief. Essentially, Cherry argues on appeal that the Idaho Supreme Court's dismissal of his initial post-conviction appeal for failure to pay court fees deprived him of his constitutional right to appeal and to have his claims resolved. For the reasons provided below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      In 1997, Cherry was found guilty of first degree murder, aggravated battery, and aggravated assault. The district court imposed concurrent, unified life sentences. This Court affirmed Cherry's judgment of conviction and sentences on appeal. *State v. Cherry*, 139 Idaho 579, 586, 83 P.3d 123, 130 (Ct. App. 2003). In 2004, Cherry filed a petition for post-conviction

relief. According to the district court's order denying Cherry's motion for permission to file a successive petition for post-conviction relief in the instant action, Cherry's 2004 petition was dismissed as frivolous. Also, according to that order, Cherry appealed the dismissal of his 2004 petition, but the appeal was dismissed in 2005. In 2007, Cherry filed a second petition for post-conviction relief. According to the district court's order denying Cherry's motion for permission to file a successive petition for post-conviction relief in the instant action, Cherry's 2007 petition was dismissed as frivolous for two reasons. First, the petition was barred under Idaho Code § 19-4908 because Cherry failed to demonstrate a sufficient reason for why any new grounds for relief were not asserted or adequately asserted in the original petition. Second, the petition was untimely because it was filed more than one year after the remittitur for the 2005 appeal was filed. Cherry again appealed, but the appeal was dismissed in 2007. In 2017, Cherry submitted a motion seeking the district court's permission to file a successive petition for post-conviction relief, which the district court denied. The district court denied Cherry's motion for the same reasons as it dismissed the second petition for post-conviction relief. Cherry timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made, which were not known when the

2

original petition was filed, were asserted within a reasonable period of time, once those claims were known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

## III.

## ANALYSIS

In both Cherry's initial brief and reply brief, he essentially argues the Idaho Supreme Court's dismissal of his first post-conviction appeal in 2005, based on his failure to pay court fees, deprived him of his constitutional right to appeal, and thus his claims have not been resolved. Therefore, Cherry argues, his claims are left standing and unexhausted, and he requests he be allowed to file his successive petition or alternatively reinstate his original appeal. The dismissal of an appeal based on failure to abide by procedural rules does not violate an appellant's constitutional rights. Rather, failure to abide by procedural rules may result in the essential forfeiture of the appellate process, causing the claims to be exhausted instead of "left standing and unexhausted." Idaho Appellate Rule 21. It appears that Cherry understands the idea of exhausting all claims to mean that they must be fully and fairly heard on the merits at the appellate level regardless of his conformity to the applicable procedural rules. However, this is not the way the legal system works. If any litigant fails to comply with procedural rules, he or she may forfeit the opportunity to have his or her claim heard on the merits at any level of the court system. I.A.R. 21. This is the precise situation that occurred. As the district court ruled, Cherry filed an initial petition for post-conviction relief. It was heard by the district court and dismissed. He filed an appeal; however, Cherry then failed to comply with the Idaho Supreme Court's directive to either pay the filing costs or submit his waiver form with the correct information provided. Because Cherry failed to follow the Idaho Supreme Court's order, the case was dismissed. Cherry could still have filed a successive petition within one year of issuance of the remittitur; however, he failed to do so. Upon the filing of his second petition for post-conviction relief in 2007, the district court ruled that Cherry failed to demonstrate sufficient reason for why the claims he brought in the second petition could not have been raised in the first petition. The district court further found that the petition was untimely. Therefore, the district court dismissed the petition. Cherry again filed an appeal and again failed to comply with procedural rules, resulting in the Idaho Supreme Court dismissing the appeal.

Now, Cherry asserts that he was denied access to the courts and deprived of his constitutional right to appeal.[1] He has provided no reasons for why it took him nearly a decade to file a successive petition, nor has he provided any reason for why almost a decade is a reasonable time to allow him to file a successive petition. Rather, Cherry asserts that we should ignore the applicable rules and laws, reinstate his initial appeal, and determine whether the district court erred in dismissing his initial petition for post-conviction relief.

Cherry argues that he was not required to pay a filing fee for an appeal and that his appeal was dismissed for not paying the filing fee. Pursuant to Idaho Appellate Rule 23, there is no filing fee for an appeal regarding a petition for post-conviction relief. However, pursuant to I.A.R. 27, an appellant is required to pay the clerk's fee for preparation of the clerk's record. If the appellant is a prisoner, the fee may be waived, provided the appellant complies with the requirements of Idaho Code § 31-3220A. I.A.R. 27(f). Idaho Appellate Rule 21 states in pertinent part: "Failure of a party to timely take any other step in the appellate process shall not be deemed jurisdictional, but may be grounds only for such action or sanction as the Supreme Court deems appropriate, which may include dismissal of the appeal." In the present case, Cherry failed to pay the requisite preparation fees. He additionally failed to obtain a waiver of fees. As a result, the Idaho Supreme Court conditionally dismissed the appeal. Cherry failed to timely respond, and the appeal was dismissed. Cherry was provided with adequate notice in each appeal regarding his failure to pay preparation fees and failure to timely obtain a waiver. Cherry had ample opportunity to file an appeal; however, due to his own inadvertence or error, he failed to comply with the procedural rules of the court. Therefore, Cherry's claim that the Idaho courts interfered with his ability to exhaust his claims on appeal is without merit.

In Cherry's 2017 request for permission to file a successive petition for post-conviction relief, Cherry also asserted his actual innocence and argued that, in certain cases, one who is

---

[1] For the first time on appeal, Cherry requests on page thirty-six of his fifty-one-page initial brief in a section titled "Note" that this Court take judicial notice of attached Exhibits A, D, E, F, G, and H. This Court may take judicial notice of adjudicative facts, those not subject to reasonable dispute in that they are either generally known within the territorial jurisdiction of the trial court or are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. I.R.E. 201; *Trautman v. Hill*, 116 Idaho 337, 340, 775 P.2d 651, 654 (Ct. App. 1989). The limited record on appeal does not provide enough information for us to determine the effect of these documents on this appeal, and the exhibits' accuracy and relevance are questionable. Therefore, we decline to take judicial notice of the requested exhibits.

4

actually innocent may proceed even in the absence of a showing of cause for procedural default. The district court determined that this may be true in a situation of a petition for writ of habeas corpus. However, in a post-conviction case, conclusory assertions of innocence asserted twenty years after sentencing are insufficient to usurp the procedural bars for post-conviction actions. The district court determined Cherry's unsupported claims that he was factually and legally innocent of the crime for which he is currently incarcerated, asserted almost twenty years after sentencing, was insufficient reason to permit a successive petition to be filed. We agree. By his 2017 motion, Cherry sought to file a successive petition for post-conviction relief that essentially reinstated the same claims that Cherry raised in his 2004 and 2007 petitions.

Even if we were to ignore the procedural bars presented by this case, we are without authority to review an order of the Supreme Court. *See* I.C. § 1-2402 (creating a subordinate court to the Supreme Court). The issue of whether transcript fees should be waived was submitted to the Idaho Supreme Court in Cherry's first and second appeals. The Court determined that Cherry failed to comply with procedural rules and conditionally dismissed each appeal, advising Cherry that his appeal would be dismissed unless the required fees were paid. Upon expiration of the time period provided, the Court then dismissed each appeal for failing to follow its orders. The issue is thus foreclosed from further review. *See, e.g.*, *State v. Hardman*, 121 Idaho 873, 875, 828 P.2d 902, 904 (Ct. App. 1992). As such, we are constrained to review solely whether Cherry has presented sufficient reason to allow a successive petition to be filed.

What constitutes a reasonable time is determined on a case-by-case basis. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. The timeframe at issue when determining a reasonable time begins "from the date of notice" that new claims potentially exist. *Id.* In *Charboneau*, the Court determined that a thirteen-month delay from discovery of potential claims was an unreasonable delay in the filing of a second successive petition for post-conviction relief. *Id.* Here, no new claims are being asserted; therefore, there are no grounds for allowing the filing of a new claim. Moreover, we have yet to determine that ten years constitutes a reasonable time to allow a successive petition.

Cherry's arguments for why he should be allowed to proceed do not raise any new claims that he was unaware of at the time that his first petition was filed. Rather, they are the same claims raised in both his previous petitions. Thus, Cherry knew of the claims he wished to raise in his successive petition at the time he filed his original petition. Cherry does not argue that

5

such claims were inadequately raised in his original petition. Further, Cherry's claim that he was not given discovery for eight years and that he lacks the time and understanding to rifle through the eight thousand pages of discovery does not suffice to justify a decade's delay in filing a successive petition for post-conviction relief. Moreover, Cherry does not claim that his access to discovery material has led to new claims but, rather, merely provided new evidence for him to support his previously asserted claims. Therefore, Cherry has not shown sufficient reason to be allowed to proceed with a successive petition.

## IV.
## CONCLUSION

Cherry has not shown sufficient reason to be allowed to proceed with a successive petition for post-conviction relief. Therefore, the district court did not err by denying his motion for permission to file such petition. Accordingly, the district court's order denying Cherry's motion for permission to file a successive petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON **CONCUR**.