# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45678

CHASE REED,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 19, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment and order dismissing petition for post-conviction relief, <u>affirmed</u>.

Chase Reed, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Chase Reed appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Reed pled guilty to lewd and lascivious conduct with a child under the age of sixteen, Idaho Code § 18-1508. The district court imposed a unified twenty-year sentence with five years determinate. The sentence was suspended and Reed was placed on probation. In 2010, Reed violated the terms of his probation. The district court then revoked his probation and ordered his full sentence to be executed. Reed did not appeal.

1

In 2016, Reed incorrectly filed a civil motion in his underlying criminal case asserting the court lacked jurisdiction and that the State had failed to charge an offense.[1] The district court, recognizing the mistake, chose to construe this motion as a petition for post-conviction relief. The court summarily dismissed Reed's petition as untimely and for lacking merit. Reed did not appeal. On June 12, 2017, Reed filed a successive petition for post-conviction relief. Reed asserted the same claims with the additional claim that his conviction was not supported by evidence. On June 13, 2017, the State filed a motion for summary disposition. After a hearing, the district court granted the State's motion. The order held Reed's petition was untimely, was precluded by res judicata, and was only supported by conclusory allegations. Reed timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal, from the determination of an appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made, which were not known when the original petition was filed, were asserted within a reasonable period of time, once those claims were known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

---

[1]     Reed filed a motion seeking relief from a judgment or order. Idaho Rule of Civil Procedure 60(b).

## III.

## ANALYSIS

The district court dismissed Reed's successive petition because it was untimely,[2] barred by the doctrine of res judicata, and was only supported by conclusory allegations. However, on appeal, Reed assigns error to only one of the district court's determinations: that his successive petition was untimely. Reed does not address the alternative reasons given by the district court for summarily dismissing his petition. Instead, he asserts what he believes to be errors in his underlying criminal conviction and the dismissal of his initial post-conviction petition from 2016.[3] Further, Reed appears to concede in his reply brief that he "understand[s] he is time barred, but [] had to present the State of Idaho with a chance to right the fraud they committed against [him]." The State argues that this Court lacks jurisdiction to review any claims that are not related to the district court's order dismissing his successive petition because that is the only order from which he timely appeals. That State also suggests that this Court need only affirm on the unchallenged holdings of the district court. We agree, because Reed fails to assign error to the district court's alternative grounds for summary disposition and concedes the only ground to which he does assign error, we affirm. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (upholding the denial of a motion to suppress based on trial court's alternative ruling that was unchallenged on appeal).

## IV.

## CONCLUSION

Reed failed to challenge all the bases on which the district court denied his successive post-conviction petition. Further, he conceded the only basis which he chose to challenge. Therefore, we decline to address the merits of Reed's other claims of error and affirm the district court on the unchallenged bases. Accordingly, the district court's judgment and order dismissing Reed's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2] Because Reed's initial petition was incorrectly filed but construed as a petition for post-conviction relief, the district court's 2017 order briefly addresses whether Reed's most recent petition should be considered an initial or successive petition for purposes of determining timeliness. The district court held under either scenario the petition was untimely.

[3] Reed also asserts that some of his motions were "put on the docket [but not] looked at" and that he was not "treated as pro se."