**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47096**

| | |
|---|---|
| VALENTINO ALEX HERRERA, | ) |
| | ) **Filed:  June 1, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Jonathan P. Brody, District Judge.

Judgment summarily dismissing second successive petition for post-conviction relief, <u>affirmed.</u>

Valentino Alex Herrera, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Valentino Alex Herrera appeals from the district court's summary dismissal of his second successive petition for post-conviction relief.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Herrera was convicted of battery on a peace officer, with a sentence enhancement for being a persistent violator of the law.  Herrera's conviction was affirmed on appeal.  *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011).  On December 24, 2012, Herrera filed a petition for post-conviction relief alleging numerous claims for relief:  denial of counsel; ineffective assistance of trial and appellate counsel; and denial of the right to due process.  The district court summarily dismissed all of Herrera's claims, reasoning the record contradicted his denial of counsel claims; Herrera failed to establish a prima facie case of

1

ineffective assistance of trial and appellate counsel; and Herrera's argument that he was denied due process was bare and conclusory. On appeal, this Court affirmed the summary dismissal. *Herrera v. State*, Docket No. 42351 (Ct. App. Mar. 25, 2016) (unpublished).

On January 15, 2016, Herrera filed a successive petition for post-conviction relief. The district court dismissed Herrera's successive petition because it was not timely filed. Herrera appealed and this Court affirmed the district court's summary dismissal reasoning as follows:

> The district court acted properly in doing so because Herrera's successive petition was filed outside the one-year statute of limitation, and Herrera did not set forth a sufficient reason for the late filing. The remittitur in the underlying case was issued on January 11, 2012. Herrera's initial petition for post-conviction relief was filed on December 24, 2012. Approximately three years later, on January 15, 2016, Herrera filed his successive petition. The district court issued a notice of intent to dismiss the successive petition, indicating that the petition was not timely filed and setting forth the circumstances in which the one-year limitation period may be equitably tolled. However, in Herrera's lengthy answer to the notice of intent, he did not provide a sufficient reason for the late timing or even argue that the statute of limitation should be equitably tolled. Nor does Herrera provide such argument on appeal. Herrera simply ignores the timing issue and instead focuses on his underlying arguments. Because Herrera does not argue the statute of limitation should be tolled or provide a sufficient reason for the late filing, the district court did not err in summarily dismissing Herrera's successive petition.

*Herrera v. State*, Docket No. 44083 (Ct. App. Aug. 2, 2017) (unpublished).

Thereafter, Herrera filed a second successive petition for post-conviction relief, which is the subject of the present appeal. The district court construed Herrera's second successive petition as raising claims of ineffective assistance of counsel and prosecutorial misconduct. In addition, Herrera claimed that his second successive petition was not barred as successive because he is actually innocent. The district court filed a notice of its intent to dismiss Herrera's second successive petition as untimely, waived, and barred by the doctrine of res judicata. After Herrera failed to timely respond to the court's notice of intent to dismiss, the district court entered an order and judgment summarily dismissing Herrera's second successive petition. Thereafter, Herrera filed a document titled "Amended Third Petition for Post-Conviction Relief," which the district court construed as a response to the court's notice of intent to dismiss, and a motion for the court to reconsider dismissal. Herrera's motion to reconsider was supported by evidence that Herrera timely responded to the court's notice of intent to dismiss but there was a delay in the prison mailing system beyond Herrera's control. The district court agreed that, based on the mailbox rule, Herrera's response to the court's dismissal notice was timely. Therefore, the district court

2

granted Herrera's motion to reconsider and set aside the order and judgment summarily dismissing Herrera's second successive petition. The district court considered the merits of Herrera's response. Ultimately, the district court concluded that Herrera failed to "present any arguments or facts t[o] overcome the bars of timelines or res judicata as articulated in th[e] Court's notice of intent to dismiss." Consequently, the district court re-entered an order and judgment summarily dismissing Herrera's second successive petition. Herrera timely appeals.

## II.

## ANALYSIS

Herrera argues that the district court erred by summarily dismissing his second successive petition for post-conviction relief. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).

Analysis of whether there is a sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time once those claims were known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id*. Therefore, the question is whether the petitioner filed the successive petition within a reasonable period of time after discovering the basis for the claims alleged in the successive petition.

Here, the district court dismissed Herrera's second successive petition because it was untimely and Herrera's claims were barred by res judicata. In concluding that Herrera's second successive petition was untimely, the district court stated:

3

Here, the statute of limitations began to run upon the completion of Petitioner's direct appeal from the underlying case. That appeal was completed January 27, 2012, when the Court of Appeals, after affirming the District Court's decision, remitted the case after review had been denied. As Petitioner's present action was not filed until 2019, approximately 7 years later, it is time barred. Petitioner's second petition has no effect on this time frame, but in any event it has been over a year since the related proceedings for that petition were completed. Petitioner has not made any argument or presented any facts supporting tolling in either this petition or his previous petition. He has not done anything for the present case that would bypass the same bars that applied to his previous petitions. Without any facts supporting tolling of the statute of limitations, this Court is required to dismiss the action.

On appeal, Herrera does not challenge the district court's determination that his second successive petition was untimely, nor does Herrera present an argument that he is entitled to tolling. Rather, Herrera's brief consists of a claim of actual innocence and complaints about the judicial process and previous counsel. As we concluded in Herrera's previous appeal, because Herrera fails to challenge the district court's ruling that his petition was untimely, we are required to affirm the district court's summary dismissal on that unchallenged basis. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (upholding the denial of a motion to suppress based on trial court's ruling that was unchallenged on appeal). Like Herrera's previous petition, this second successive petition was filed outside of the one-year statute of limitation, and Herrera did not set forth a sufficient reason for the late filing. Herrera cites *Schlup v. Delo*, 513 U.S. 298 (1995) for the proposition that a claim of actual innocence may be a gateway around procedural bars in federal habeas litigation. There is no similar rule regarding post-conviction claims in Idaho. Moreover, Herrera's actual innocence claim is simply an attempt to relitigate his central assertion--that his victim was not a peace officer. That assertion has already been rejected by this Court in prior appeals and denied review by the Idaho Supreme Court. Herrera is not entitled to repackage and relitigate that issue under the guise of an actual innocence claim in order to get around the procedural bars to his present second successive petition. Accordingly, Herrera fails to show that the district court erred.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Herrera's second successive petition. Accordingly, we affirm the district court's judgment.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4