**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50894**

| | |
|---|---|
| ERIC THOMAS FERRIER,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  March 22, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Eric T. Ferrier, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Eric Thomas Ferrier appeals from the district court's judgment dismissing his successive petition for post-conviction relief.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, Ferrier pled guilty to two counts of second degree murder, Idaho Code §§ 18-4011, 18-4003.  The district court sentenced Ferrier to a determinate life sentence on each count.  In 2000, Ferrier filed his initial petition for post-conviction relief alleging that his trial attorney provided ineffective assistance of counsel by failing to appeal his sentence and failing to file an Idaho Criminal Rule 35 motion.  Ferrier requested relief in the form of enlargement of the time in which to file an appeal from the criminal case.  The district court granted the petition and "reinstated" Ferrier's time to file an appeal.

In 2023, Ferrier filed his successive petition for post-conviction relief.  In its notice of intent to dismiss, the district court characterized Ferrier's claims as:  (1) that he had no memory of

1

the murders and his trial attorneys provided ineffective assistance of counsel by permitting him, or encouraging him, to make statements to the court that would satisfy the factual basis for a plea of guilty for which he had no memory or knowledge; (2) he was too intoxicated at the time of the murders to form the requisite intent to actually commit second degree murder; and (3) he perceived inconsistencies in statements made by a witness regarding what occurred at the time of the murders. The district court noted that it intended to dismiss the successive petition because Ferrier's claims could have been brought in his initial petition, the bases for his claims did not constitute new evidence, and his factual assertions were based on matters he had personal knowledge of at the time he filed his initial petition. The district court stated that the record belied Ferrier's assertion that, because he could barely read or write at the time, he was unable to assert his claims in his initial petition. In addition, the district court stated that the successive petition was untimely, having been filed over twenty-one years after denial of the initial petition. Finally, the district court denied Ferrier's request for the appointment of counsel because the successive petition was frivolous. The district court dismissed the successive petition. The district court dismissed the successive petition. Ferrier appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Our review of the district court's construction and application of the time limitation for filing a petition for post-conviction relief is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Ferrier claims that the district court erred in dismissing his successive petition for post-conviction relief. Ferrier claims that he presented "sufficient reason" for not presenting his current

2

claims in his initial petition, namely, that he had severe learning disabilities which rendered him incompetent and incapable of pursuing the claims in his initial petition.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

The district court found that the alleged basis for ineffective assistance of counsel in the successive petition was known by Ferrier at the time he entered his guilty plea or at the time of sentencing. Further, Ferrier had personal knowledge of the facts which underlie his successive petition at the time he filed his initial petition. The district court rejected Ferrier's argument that he was unable to assert the present claims because he could barely read or write. The district court reviewed the 1999 psychological report submitted by Ferrier in support of his argument and found that it did not support the proposition that Ferrier was unable to adequately speak for himself. While the district court in the initial petition proceeding declined to appoint counsel, Ferrier was able to assert claims and was successful in obtaining the relief requested. The district court here found that Ferrier had, thus, demonstrated sufficient reading, writing, and comprehension skills at the time he filed the initial petition. Moreover, the district court determined that the claims raised in the successive petition are not complicated and Ferrier could have simply asserted that his attorneys coerced or convinced him to plead guilty, which would have been sufficient to raise the claim in the initial petition.

Finally, the district court determined that the successive petition was not filed within a reasonable time. The district court found that, after the lapse of over twenty-one years, the

successive petition was not filed in a timely manner. The district court concluded that equitable tolling, based on mental deficiency, did not apply to extend the time for filing. In its order dismissing the successive petition, the district court referred to the multiple bases for dismissal set forth in the notice of intent to dismiss. In addition, the district court rejected Ferrier's attempt to assert additional bases for relief in his response. Lastly, the district court reiterated that, as to all claims (including the new issues raised in Ferrier's response), the successive petition was untimely and Ferrier failed to show good cause or exceptional circumstances for the delay in filing.

Ferrier points out that he was denied counsel for his initial petition and the district court erred in stating that he had "filled out" his initial petition. However, the district court did not determine who actually penned the initial petition, only that Ferrier was able to state claims in the petition and could easily have added the current ineffective assistance of counsel claims, despite his claimed mental deficiencies.[1] Ferrier continues to assert that his learning and speech disabilities prevented timely filing the successive petition. Ferrier relies on the psychologist report authored in 1999. Ferrier contends:

> The Court just did not properly evaluate the cognitive condition of my psychological make-up as put forth by a licensed psychologist and it's only due to the fact that I have broken through those barriers that I can go back with clear eyes and see the deficiencies in the process.

As noted, the district court found that the report did not support Ferrier's argument that he could not have included his present claims in his initial petition. The district court determined that Ferrier had shown no good reason or exceptional circumstances as to why he could not have earlier filed the successive petition and, therefore, it was not filed within a reasonable time. Ferrier has not shown that the district court erred. Ferrier presented no evidence of his mental status during the twenty-one years from his initial petition. He does not attempt to establish when, during that twenty-one-year period, he allegedly broke through his asserted cognitive barrier that he claims the psychologist's report documents. Absent any such evidence, the district court could not have evaluated whether the successive petition was filed within a reasonable time from the asserted restoration of Ferrier's mental acuity. The district court did not err in dismissing Ferrier's successive petition for post-conviction relief.

---

[1] To the extent Ferrier asserts that the denial of counsel for his initial post-conviction petition was error or limited his ability to pursue claims, that issue could only have been raised in an appeal from the denial of his initial post-conviction petition.

## IV.

## CONCLUSION

The judgment dismissing Ferrier's successive petition for post-conviction relief is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.